United States District Court
Southern District of Texas
**ENTERED**
March 22, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **OMAR FERMIN RIVERA,** § | |
| Petitioner § | |
| § | |
| v. § | Civil Action No. 1:14-98 |
| § | Criminal No. B:13-58-1 |
| **UNITED STATES OF AMERICA,** § | |
| Respondent § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 5, 2014, Petitioner Omar Fermin Rivera ("Rivera") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is factually and legally meritless.

### I. Procedural and Factual Background

On January 30, 2013, a federal grand jury – sitting in Brownsville, Texas – indicted Rivera for 1) conspiracy to possess with the intent to distribute more than 100 kilograms of marihuana, in violation of 21 U.S.C. §§ 841 and 846; and, (2) possession with intent to distribute more than 100 kilograms of marihuana, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. U.S. v. Rivera, Criminal No. 1:13-58-1, Dkt. No. 9 (J. Hanen, presiding) (hereinafter "CR").

### A. Rearraignment

On March 20, 2013, Rivera entered a guilty plea – without a written plea agreement – before the Magistrate Judge to count two, possession with intent to distribute more than 100 kilograms of marihuana. CR Dkt. No. 34.

As relevant here, the Magistrate Judge discussed the sentencing process with Rivera during the re-arraignment hearing, stating the following:

1

What's going to happen next is the Court will order the preparation of a presentence report. One of the probation officers will come and talk with you individually and with your attorney. The probation officer will ask you questions about your background, your family, and your criminal history and all that information is then used to arrive at a sentencing score. That sentencing score translates into a recommended sentencing range for your individual case under the advisory sentencing guidelines. All that information is collected together and put into a presentence report and that presentence report is sent to your lawyer and the government's lawyer and your lawyer will talk with you about the contents of that report. If there's something in that report that you think is incorrect, that if there's a good faith factual and legal basis for it, then your lawyer can file an objection to the presentence report and then at the time of the sentencing hearing, again, if there's a good faith factual and legal basis for it, your lawyer can argue to the sentencing judge that the factors as set forth in the report should not be applied as recommended by the report.

I want each of you to understand that the sentencing judge will not be able to determine what your actual sentencing range will be until this process has been completed. I want you to understand further that even after that advisory sentencing guideline is determined the district court judge has the authority to depart from the advisory guidelines and the district court judge could impose a sentence that could be more severe or less severe than what's recommended by the advisory guidelines. Each of you need to understand that in arriving at the sentence for your individual case the district court judge will consider the advisory sentencing guidelines and the district court judge will apply the factors that are set forth in Title 18, United States Code, Section 3553.

Also, you need to be aware that parole has been abolished in the federal system so that if you are sentenced to prison you will not be released early on parole.

[ . . . ]

Mr. Rivera, you understand that federal sentencing process?

[Rivera]: Yes, sir.

[Court]: And did [your lawyer] go through and explain that process to you as well?

[Rivera]: Yes, sir.

[...]

[Court:] . . . Mr. Rivera, when you met with your lawyer[] did your lawyer[] answer any questions that you may have had about that federal sentencing process?

[...]

[Court]: All right, then an affirmative response from [Rivera]

CR Dkt. No. 34, pp. 31-33.

### B. Pre Sentence Report

In the final presentence report, Rivera was assessed a base offense level of 26, predicated upon a finding that Rivera was accountable for 118.8 kilograms of marihuana. CR Dkt. No. 23, p. 5.

Rivera received a three-level reduction for acceptance of responsibility. CR Dkt. No. 23, p. 5. Thus, Rivera was assessed a total offense level of 23. Id.

Regarding his criminal history, Rivera was initially assessed seven criminal history points based on six criminal convictions. CR Dkt. No. 23, pp. 6-10. Five of those six convictions were assessed one point pursuant to U.S.S.G. § 4A1.1(c). That guideline section, however, specifies that the maximum number of points that can be assessed under that section is four points. For that reason, Rivera was only assessed four points for those five convictions. CR Dkt. No. 23, ¶ 34. The remaining conviction was assessed two points pursuant to U.S.S.G. § 4A1.1(b). Accordingly, the total points assessed for the five convictions under § 4A1.1(c) was four points, which was added to the two points assessed for the remaining conviction to arrive at a subtotal of six points. CR Dkt. No. 23, p. 10.

Rivera was also assessed two additional points, because he was on probation at the time that the instant offense was committed. CR Dkt. No. 23, p. 10. Thus, Rivera was assessed a total of eight criminal history points. Id. The eight history points placed Rivera in a criminal history category of IV. Id. The presentence report, based upon Rivera's offense level of 23 and criminal history category IV, identified a guideline range of 70 to 87 months of imprisonment. Id., p. 12.

On June 24, 2013, the District Court adopted the Magistrate Judge's report and recommendation, accepting Rivera's guilty plea. CR Dkt. No. 27.

On that same day, the District Court sentenced Rivera to 78 months of incarceration, five years of supervised release and a $100.00 special assessment. CR Dkt. No. 28. The judgment was issued on July 23, 2013. CR Dkt. No. 28

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A)(I), 26(a)(2). Thus, Rivera's deadline for filing a notice of appeal

passed on August 6, 2013, without an appeal being filed.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 5, 2014, Rivera timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In that motion, Rivera alleged two claims for relief: (1) his counsel "was ineffective for failing to explain how the federal machinery conducts their presentence report investigation," by not explaining "how criminal history points are used;" and, (2) he received five criminal history points for five convictions, pursuant to U.S.S.G. 4A1.1(c), when the maximum amount he could receive is four points. Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255 and Waiver

Rivera seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id.

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id. Claims for denial of effective assistance of counsel, however, are properly raised on collateral review, despite a failure to raise them on direct appeal. Massaro v. U.S., 538 U.S. 500, 509 (2003).

### B. Ineffective Assistance of Counsel

The starting point is that a defendant has the right to effective assistance of counsel at sentencing. Soffar v. Dretke, 368 F.3d 441, 477 n. 40 (5th Cir. 2004). To establish that he was denied this right, a petitioner must demonstrate: (1) that his counsel's performance was objectively unreasonable, rendering it deficient; and (2) that the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 689-94 (1984). To merit relief, the petitioner must meet both prongs. Id. In contrast, "a court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).

"[T]he proper measure of attorney performance is reasonableness under prevailing professional norms." U.S. v. Molina-Uribe, 429 F.3d 514, 519 (5th Cir. 2005). To warrant relief, because of ineffective assistance of counsel, counsel's performance must be so deficient that it "renders the result of the ... proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner establishes prejudice when he proves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Rivera's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed, because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).

5

Despite this latitude, neither the record – nor the law – support his claims.

### A. Ineffective Assistance

Rivera claims that his counsel was ineffective for not explaining how the presentence investigations were conducted or the impact of his criminal history. This claim is meritless.

As previously noted, the Magistrate Judge explained the federal sentencing system, and asked Rivera if he understood it. CR Dkt. No. 34, pp. 31-33. Rivera stated under oath that he understood it. Id. The Magistrate Judge asked Rivera if his counsel had explained the process and answered any questions that Rivera had about the process. Id. Rivera stated that he had. Id. Thus, Rivera testified that his lawyer did explain the process to him.

"Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Rivera has produced no evidence to overcome this strong presumption. This claim should be denied.

### B. Criminal History Points

Rivera asserts that he was assessed five criminal history points pursuant to U.S.S.G. § 4A1.1(c), when he can only receive a maximum of four points under that section. This claim is not cognizable in these proceedings and is belied by the record and should be denied.

This is a claim based up on an application of the Sentencing Guidelines. Such claims are not cognizable on collateral attack. U.S. v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) ("Misapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions."). This preclusion results from the fact that "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." U.S. v. Segler, 37 F.3d 1131, 1133-34 (5th Cir. 1994).

Even if the claim was cognizable, it is meritless. The PSR noted that Rivera could only be assessed four points under U.S.S.G. § 4A1.1(c) and reduced his criminal history points accordingly. CR Dkt. No. 23, p. 9, ¶ 34. Thus, the record establishes that Rivera's criminal history points were correctly calculated and this claim should be denied.

**IV. Recommendation**

WHEREFORE it is **RECOMMENDED** that Omar Fermin Rivera's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED**.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Rivera's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Rivera's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking

on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on March 22, 2016.

                                                        _____
                                                        Ronald G. Morgan
                                                        United States Magistrate Judge